UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

ROSELYN JOHNSON

                Plaintiff,

                                                       COMPLAINT
                                                       AND DEMAND
                                                       FOR JURY TRIAL

    -Against-                                        **07 CIV 6718**

                                                                    Hon. _____

CATHOLIC CHARITIES COMMUNITY
 SERVICES, ARCHDIOCESE OF NEW YORK,
(Individually and As Successor)
 PIUS XII-YOUTH AND FAMILY SERVICES,
JOHN MANCUSO (Individually and As Agent of Employers),
EVE KAGLE (Individually and As Agent of Employers),
COLIN JARVIS (Individually and As Agent of Employers),
PATRICE BEY (Individually and As Agent of Employers),
And "JANE DOE" and "JOHN DOE" Individually and
As Agent of Employers),being any persons unknown,



                                      Defendants.
_____x

Plaintiff, ROSELYN JOHNSON , by her attorneys, Jeff L. Greenup, Esq. and Robert L. Lowe, Esq., as and for her Complaint in this action against defendants, CATHOLIC CHARITIES COMMUNITY SERVICES, ARCHDIOCESE OF NEW YORK (Individually and As Successor), PIUS XII-YOUTH AND FAMILY SERVICES, JOHN MANCUSO (Individually and As Agent of Employers),EVE KAGLE (Individually and As Agent of Employers), COLIN JARVIS (Individually and As Agent of Employers), PATRICE BEY (Individually and As Agent of Employers), And "JANE DOE" and "JOHN DOE" Individually and As Agent of Employers),being any persons unknown,
 alleges as follows:

### JURISDICTION , VENUE AND PARTIES

1.    Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. Sections 1331 and 1343, the Age Discrimination in Employment Act, 29 U.S.C. 621 ("ADEA").

2.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. Section 1367. This action is brought pursuant to New York State Human Rights Law, Article 15,

1

of the New York Executive Law ("N.Y. Human Rights Law") and Title 8 of the Administrative Code of the City of New York, New York City Human Rights Law ("NYC Human Rights Law").

3. This is an action authorized and instituted pursuant to Title VII, the ADEA, and the common law.

4. The unlawful employment practices alleged in this Complaint were in Bronx County in the Southern District of New York.

5. Plaintiff Roselyn Johnson is a female African American citizen of the United States of America and a resident of 157-10 Riverside Drive, New York, New York 10032.

6. Plaintiff Johnson is more than forty (40) years of age.

7. CATHOLIC CHARITIES COMMUNITY SERVICES, ARCHDIOCESE OF NEW YORK (CATHOLIC CHARITIES) is a corporation organized and existing under the laws of the State of New York and had or has an office at 1011 1st Avenue, New York, New York 10022.

8. Defendant Pius XII Youth and Family Services ("PIUS") is a corporation organized and existing under the laws of the State of New York and had or has an office at 2900 Exterior Street, Suite 1R, Bronx, New York 10463.

9. Plaintiff is informed and believes, and therefore avers, that Defendants' "CATHOLIC CHARITIES AND "PIUS" are employers within the meaning of the ADEA, Title VII, NY Human Rights Law, and NYC Human Rights Law and have more than fifty (50) employees, respectively.

10. Plaintiff ROSELYN JOHNSON, is a resident of the County of New York, State of New York.

11. Upon information and belief, Defendant JOHN MANCUSO is a resident of the State of New York.

12. Upon information and belief, Defendant EVE KAGLE is a resident of the State of New York.

13. Upon information and belief, Defendant COLIN JARVIS is a resident of the State of New York.

14. Upon information and belief, Defendant PATRICE BEY is a resident of the State of New York.

15. Plaintiff is ignorant of the true name and capacity of defendants sued herein as JANE DOE and JOHN DOE, inclusive, and therefore, sues these defendants by such fictitious name.

16. Venue lies in New York County where the Plaintiff resides.

## ADMINISTRATIVE PROCEDURES

17. Plaintiff timely filed a charge of discrimination against the Defendant with the New York District Office of the Equal Employment Opportunity Commission ("EEOC").

18. On or about October 2006, Plaintiff received from the EEOC a Notice of Right to Sue Within 90 Days. On or about May 2007, Plaintiff received from EEOC a Notice of Failure of Conciliation and a Notice of Right to Sue Within 90 days.

19. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

## FACTUAL ALLEGATIONS

20. In May 2001, Plaintiff was a student intern by Youth and Family Services.

21. In September 2002, Plaintiff was hired as a case manager.

22. Plaintiff was qualified for the position of case manager and other positions within PIUS-Youth and Family Services.

23. In March 2003, Plaintiff filed an internal charge of discrimination with the Defendant PIUS and its agents and defendant John Mancuso. Plaintiff never received a written response, although, Plaintiff Johnson was told verbally that the complaint was not substantiated.

24. Plaintiff alleged that she had been subject to a hostile work environment; that was not paid equal pay for equal work; and that she was subject to disparate treatment.

25. In or about March 2004, Plaintiff filed another internal complaint with PIUS and its agents.

26. Plaintiff alleged that she had been subject to a hostile work environment and that she was subject to disparate treatment.

27. In or about June 2004, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of the ADEA,

3

again alleging that she had been subject to a hostile work environment and that she was subject to disparate treatment.

28. In or about December 2004, Plaintiff was terminated from her position. Plaintiff then filed another Charge of Discrimination with the EEOC. Plaintiff alleged that she was terminated in violation of the ADEA.

29. Defendant PIUS and its agents allege that it entered into a collaboration with Catholic Charities, in which Catholic Charities would take over and manage the PIUS-Youth and Family Services program.

30. Defendant PIUS and its agents allege that the staffing needs were determined by Catholic Charities and that Catholic Charities eliminated Plaintiff's position because there were redundant positions within Youth and Family Services.

31. Defendants and their agents reasons for the termination were a pretext.

32. Upon information and belief, only two positions were eliminated - one held by Plaintiff Johnson, and another held by employee Esther Tzanetatos.

33. Plaintiff is informed and believes, and therefore avers that other employees, who were not members of the protected class, with lesser qualifications and/or experience were offered positions in lieu of termination.

34. Plaintiff is informed and believes, and therefore avers that on Friday, December 10, 2004 plaintiff was terminated in retaliation for her submission of several EEOC Age Discrimination complaints against Pius.

35. On Monday, December 20, 2004, Plaintiff was told that she did not have to return to work but would remain on payroll until January 9, 2005.

36. On Wednesday, December 22, 2004, Pius dismissed all of the clients in the ESP program and told them that they would be getting new assignment letters from HRA (NYC Human Resources Administration) and, that they should wait at home until then.

37. Plaintiff is informed and believes, and therefore avers that on or about February 21, 2005, Yvonne Harden was promoted from ESP Job Developer to ESP Case Manager, filling the vacancy brought about by Plaintiff's termination.

38. Plaintiff is informed and believes, and therefore avers that on March 14, 2005 Catholic Charities received their first group of clients, ESP Group #1. The roster reflects 41 clients were assigned on that date. Yvonne Harden was the sole case manager over that group.

4

39. Plaintiff is informed and believes, and therefore avers that, also, on March 14, 2005 two job developers were assigned, part-time. Job developer, Sandy Kovacs, is currently assigned to assist the Monday/Tuesday ESP clients and, job developer Diana Rivera, currently monitors the activities of the Wednesday/Thursday participants. They are both physically located at 1011 First Avenue (Catholic Charities Archdiocese of New York Headquarters) but come to the Catholic Charities - Bronx Office, to service the client on their respective days of coverage.

40. Plaintiff is informed and believes, and therefore avers that from the end of December 2004 until March 14, 2005 that unit remained dormant, yet five persons, all under the age of forty, with less experience than plaintiff, were retained and compensated.

41. Plaintiff is informed and believes, and therefore avers that Ms. Harden remained in the position of ESP Case Manager until she resigned some time in May, 2005 to go to work for FEGS, another employment service program. Upon Ms. Harden's departure, Ms. Eileen DeLaCruz was hired by Catholic Charities to fill the position of ESP Case Manager and, upon information and belief, remains in that position..

42. Plaintiff is informed and believes, and therefore avers that both Pius and its agents and Catholic Charities terminated her services and refused to hire her as an additional act of retaliation for her filing EEOC Age Discrimination complaints in June of 2004 and December 2004, respectively.

43. Plaintiff is informed and believes, and avers that the attacks on her performance and her subsequent termination by PIUS and its agents and failure to be hired by CATHOLIC CHARITIES were acts of retaliation for filing an Age Discrimination complaint against Pius in or about June of 2004 and against Catholic Charities in or about December of 2004.

44. Plaintiff is informed and believes, and avers that said termination and failure to hire were adverse actions directed towards the plaintiff.

45. Plaintiff is informed and believes, and therefore avers that the termination by PIUS and its agents and the failure to hire by CATHOLIC CHARITIES were causally connected to her complaint about age discrimination as well as other protected activities.

46. Plaintiff is informed and believes, and therefore avers that both PIUS and its agents and CATHOLIC CHARITIES knowingly violated her rights under the ADEA.

47. Plaintiff is informed and believes, and therefore avers that CATHOLIC CHARITIES aided and abetted PIUS and its agents in violating her rights under the ADEA in that CATHOLIC CHARITIES knew or should have known that PIUS and its agents were violating plaintiff's rights under the ADEA by terminating her

because of her age and in retaliation for opposition to protected activity.

## FIRST CAUSE OF ACTION

48. Plaintiff repeats and realleges the averments of paragraph 1-47 herein.

49. Plaintiff is informed and believes, and therefore avers that other employees, who were not members of the protected class, with lesser qualifications and/or experience were offered positions in lieu of termination.

50. By reason of the foregoing, Defendants' have deprived Plaintiff of certain compensation benefits, privileges, terms and conditions of employment, in violation of the ADEA, the NY Human Rights Law and NYC Human Rights Law by discriminating against Plaintiff and subjecting her to discriminatory treatment because of her age..

51. As a result of Defendants' actions, Plaintiff suffered humiliation and emotional distress.

52. As a result of Defendants' actions, Plaintiff was terminated and has been unable to find suitable replacement employment.

53. By reason of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

## SECOND CAUSE OF ACTION

54. Plaintiff repeats and realleges the averments of paragraph 1-53 herein.

55. Plaintiff was subject to discriminatory treatment in retaliation for her complaints of discrimination.

56. By reason of the foregoing, Defendants' have deprived Plaintiff certain benefits, privileges, terms and conditions of employment, in violation of the ADEA, the NY Human Rights Law and NYC Human Rights Law by retaliating against Plaintiff for her complaints of discrimination.

57. As a result of Defendants' actions, Plaintiff suffered humiliation and emotional distress.

58. As a result of Defendants' actions, Plaintiff was terminated and has been unable to find suitable replacement employment.

59. By reason of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

## THIRD CAUSE OF ACTION

60. Plaintiff repeats and realleges the averments of paragraph 1 -59 herein.

61. Plaintiff was subject to discriminatory harassment and a hostile work environment due to her age.

62. By reason of the foregoing, Defendants' have deprived Plaintiff of certain benefits, privileges, terms and conditions of employment, in violation of the ADEA, the NY Human Rights Law and NYC Human Rights Law by subjecting Plaintiff Johnson to discriminatory treatment, harassment and a hostile work environment due to her age.

63. As a result of Defendants' actions, Plaintiff suffered humiliation and emotional distress.

64. As a result of Defendants' actions, Plaintiff was terminated and has been unable to find suitable replacement employment.

65. By reason of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

## FOURTH CAUSE OF ACTION

66. Plaintiff repeats and realleges the averments of paragraph 1-65 herein.

67. Defendant CATHOLIC CHARITIES aided and abetted Defendant PUIS and its agents in subject plaintiff to discriminatory treatment in retaliation for her complaints of discrimination.

68. By reason of the foregoing, Defendants' have deprived Plaintiff certain benefits, privileges, terms and conditions of employment, in violation of the ADEA, the NY Human Rights Law and NYC Human Rights Law by retaliating against Plaintiff for her complaints of discrimination.

69. As a result of Defendants' actions, Plaintiff suffered humiliation and emotional distress.

70. As a result of Defendants' actions, Plaintiff was terminated failed to be hired and has been unable to find suitable replacement employment.

71. By reason of the foregoing, Plaintiff has suffered and will continue to suffer irreparable harm and injury.

WHEREFORE, the Plaintiff prays the Court that:

1. Plaintiff recover the following damages from the Defendants:

   a. Front pay

   b. Back Pay

   c. Compensatory

   d. Punitive

2. Plaintiffs recover from the Defendant the reasonable costs and attorneys fees incurred in the prosecution of this action;

3. All issues herein be determined by a jury;

4. The Court grant such other and further relief to which it deems Plaintiffs justly entitled.

Dated: New York, New York
July 25, 2007

Yours, etc.

ROBERT L. LOWE, ESQ.(RL1987)
JEFF L. GREENUP, ESQ.
Attorney for Plaintiff
205 West 137th Street
New York, New York 10030
212.862.8700

___ Civ. ___
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSELYN JOHNSON

                        Plaintiff,

-Against-

CATHOLIC CHARITIES COMMUNITY
SERVICES, ARCHDIOCESE OF NEW YORK,
(Individually and As Successor)
PIUS XII-YOUTH AND FAMILY SERVICES,
JOHN MANCUSO (Individually and As Agent of Employers),
EVE KAGLE (Individually and As Agent of Employers),
COLIN JARVIS (Individually and As Agent of Employers),
PATRICE BEY (Individually and As Agent of Employers),
And "JANE DOE" and "JOHN DOE" Individually and
As Agent of Employers),being any persons unknown,

                        Defendants.

## COMPLAINT /JURY DEMAND

JEFF L. GREENUP, ESQ.
ROBERT L. LOWE, ESQ.
Attorney for Plaintiff
Office and Post Office Address, Telephone
205 WEST 137TH STREET
NEW YORK, NEW YORK 10030
(212) 862-8700

To:    Clerk, United States District Court, Southern District of NY:
        500 Pearle St New York, New York 10007

Attorney(s) for

Service of a copy of the within                        is hereby admitted
Dated:

                     ...................................

Attorney(s) for

### PLEASE TAKE NOTICE

☐    that the within is a (certified) true copy of a
NOTICE OF   entered in the office of the clerk of the within named court on      2000
ENTRY

☐    that an Order of which the within is a true copy will be presented for settlement of the Hon.
NOTICE OF                         one of the judges of the within named Court
SETTLEMENT at
           On                  2004    , at

Jeff L. Greenup, Esq.
Attorney At Law

Robert L. Lowe, Esq.
Of Counsel

205 West 137th Street
New York, New York 10030

(212)862-8700(Office)
(212)862-2664(Fax)

July 26, 2007

Re: Case # 07 CV 025

Case # 07 CV 025 has one identical plaintiff-Roselyn Johnson and one identical defendant-PIUS-Youth and Family Services. The causes of action are similar but distinguishable.

Robert L. Lowe
RL1987