UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROSELYN JOHNSON,

                        Plaintiff,

                v.

CATHOLIC CHARITIES COMMUNITY SERVICES,
ARCHDIOCESE OF NEW YORK, (Individually and
As Successor) PIUS XII-YOUTH AND FAMILY
SERVICES, JOHN MANCUSO (Individually and As
Agent of Employers), EVE KAGLE (Individually and
As Agent of Employers), COLIN JARVIS (Individually
and As Agent of Employers), PATRICE BEY
(Individually and As Agent of Employers), and "JANE
DOE" and "JOHN DOE" (Individually and As Agent of
Employers), being any persons unknown,

                      Defendants.
-----------------------------------------------------------------X

**Case No. 07 civ 6718 (RJH)**

**ANSWER**

    Defendants, Catholic Charities Community Services ("Catholic Charities"), Archdiocese of

New York, Pius XII - Youth and Family Services ("Pius"), John Mancuso, Eve Kagle, Colin Jarvis,

and Patrice Bey, by their attorneys, Traub Lieberman Straus & Shrewsberry LLP, as and for their

answer to plaintiff's complaint, allege as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 1 of the complaint, and respectfully refer all questions of law to the

court.

    2.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 2 of the complaint, and respectfully refer all questions of law to the

court.

    3.    Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 3 of the complaint, and respectfully refer all questions of law to the court.

4.      Deny the allegations set forth in paragraph 4 of the complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint, and respectfully refer all questions of law to the court.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint, and respectfully refer all questions of law to the court.

7.      Deny the allegations set forth in paragraph 7 of the complaint, except admit that Catholic Charities is duly organized pursuant to New York's Religious Corporations Law.

8.      Deny the allegations set forth in paragraph 8 of the complaint, except admit that at all times relevant to this complaint Pius XII-Youth and Family Services ("Pius") was duly organized pursuant to New York's Religious Corporations Law.  Pius is no longer in existence.

9.      Deny the allegations set forth in paragraph 9 of the complaint and refer all questions of law to the Court.

10.     Deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 10 of the complaint.

11.     Admit the allegations set forth in paragraph 11 of the complaint.

12.     Admit the allegations set forth in paragraph 12of the complaint.

13.     Admit the allegations set forth in paragraph 13 of the complaint.

14.     Admit the allegations set forth in paragraph 14 of the complaint.

15.     Deny knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 15 of the complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint, and refer all questions of law to the court.

20.     Deny the allegations set forth in paragraph 20 of the complaint.

21.     Deny the allegations set forth in paragraph 21 of the complaint.

22.     Deny the allegations set forth in paragraph 22 of the complaint.

23.     Deny the allegations set forth in paragraph 23 of the complaint, and refer to the documents for the contents thereof.

24.     Deny the allegations set forth in paragraph 24 of the complaint, and refer to the documents for the contents thereof.

25.     Deny the allegations set forth in paragraph 25 of the complaint except to state that plaintiff communicated with the Pius Human Resources Department in March 2004, and refer to the documents for the contents thereof.

26.     Deny the allegations set forth in paragraph 26 of the complaint, and refer to the documents for the contents thereof.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the

3

allegations set forth in paragraph 27 of the complaint, and refer to the documents for the contents thereof.

28.     Deny the allegations set forth in paragraph 28 of the complaint except to admit that plaintiff filed a charge of discrimination with the EEOC, and refer to the documents for the contents thereof.

29.     Deny the allegations set forth in paragraph 29 of the complaint.

30.     Deny the allegations set forth in paragraph 30 of the complaint.

31.     Deny the allegations set forth in paragraph 31 of the complaint.

32.     Deny the allegations set forth in paragraph 32 of the complaint.

33.     Deny the allegations set forth in paragraph 33 of the complaint.

34.     Deny the allegations set forth in paragraph 34 of the complaint.

35.     Deny the allegations set forth in paragraph 35 of the complaint, except to state that plaintiff was advised on December 10, 2004 of her future work status.

36.     Deny the allegations set forth in paragraph 36 of the complaint, except to state that responsibility for the ESP program was ultimately assumed by Catholic Charities, after which Pius ceased all involvement with the ESP program.

37.     Deny the allegations set forth in paragraph 37 of the complaint, except to state that Ms. Harden assumed the position of Job Developer.

38.     Deny the allegations set forth in paragraph 38 of the complaint, except to state that Catholic Charities received an initial group of clients from the New York City Human Resources Administration some time after assuming responsibility for the program in question.

39.     Deny the allegations set forth in paragraph 39 of the complaint, except to state that the individuals identified therein were assigned to the program in question.

4

40.    Deny the allegations set forth in paragraph 40 of the complaint.

41.    Deny the allegations set forth in paragraph 41 of the complaint, except to state that individuals identified therein were assigned to the program in question.

42.    Deny the allegations set forth in paragraph 42 of the complaint.

43.    Deny the allegations set forth in paragraph 43 of the complaint.

44.    Deny the allegations set forth in paragraph 44 of the complaint.

45.    Deny the allegations set forth in paragraph 45 of the complaint.

46.    Deny the allegations set forth in paragraph 46 of the complaint.

47.    Deny the allegations set forth in paragraph 47 of the complaint.

**ANSWERING THE FIRST CAUSE OF ACTION**

48.    Repeat, reiterate and reallege the responses to paragraphs 1 through 47, in response to paragraph 48 of the complaint, with the same force and effect as if same were more fully set forth herein.

49.    Deny the allegations set forth in paragraph 49 of the complaint.

50.    Deny the allegations set forth in paragraph 50 of the complaint.

51.    Deny the allegations set forth in paragraph 51 of the complaint.

52.    Deny the allegations set forth in paragraph 52 of the complaint.

53.    Deny the allegations set forth in paragraph 53 of the complaint.

**ANSWERING THE SECOND CAUSE OF ACTION**

54.    Repeat, reiterate and reallege the responses to paragraphs 1 through 53, in response to paragraph 54 of the complaint, with the same force and effect as if same were more fully set forth herein.

55.     Deny the allegations set forth in paragraph 55 of the complaint.

56.     Deny the allegations set forth in paragraph 56 of the complaint.

57.     Deny the allegations set forth in paragraph 57 of the complaint.

58.     Deny the allegations set forth in paragraph 58 of the complaint.

59.     Deny the allegations set forth in paragraph 59 of the complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

60.     Repeat, reiterate and reallege the responses to paragraphs 1 through 59, in response to paragraph 60 of the complaint, with the same force and effect as if same were more fully set forth herein.

61.     Deny the allegations set forth in paragraph 61 of the complaint.

62.     Deny the allegations set forth in paragraph 62 of the complaint.

63.     Deny the allegations set forth in paragraph 63 of the complaint.

64.     Deny the allegations set forth in paragraph 64 of the complaint.

65.     Deny the allegations set forth in paragraph 65 of the complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

66.     Repeat, reiterate and reallege the responses to paragraphs 1 through 65, in response to paragraph 66 of the complaint, with the same force and effect as if same were more fully set forth herein.

67.     Deny the allegations set forth in paragraph 67 of the complaint.

68.     Deny the allegations set forth in paragraph 68 of the complaint.

69.     Deny the allegations set forth in paragraph 69 of the complaint.

70.     Deny the allegations set forth in paragraph 70 of the complaint.

71.     Deny the allegations set forth in paragraph 71 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

72.     Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

73.     This court does not have jurisdiction over this matter, as plaintiff has failed to exhaust her administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

74.     The claims and causes of action asserted in the complaint are barred by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

75.     At all times relevant hereto, defendants acted in good faith, without malice, and did not act in a wrongful manner.

## FIFTH AFFIRMATIVE DEFENSE

76.     The relief sought by plaintiff is barred by the doctrines of waiver and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

77.     Any amount of damages otherwise recoverable by plaintiff shall be diminished in total, or in proportion to which the culpable conduct of the plaintiff or third-parties over whom the answering defendants had no control bears to the total conduct causing the damages alleged in the complaint.

## SEVENTH AFFIRMATIVE DEFENSE

78.     At all times relevant hereto, defendants did not act in a negligent, reckless, or careless manner or in violation of any statute or applicable law.

## EIGHTH AFFIRMATIVE DEFENSE

79.     Plaintiff has failed to mitigate her damages.

## NINTH AFFIRMATIVE DEFENSE

80.     Defendants reserve the right to assert any additional affirmative defenses as warranted based on the results of further investigation and discovery in this matter.

**WHEREFORE**, defendants demand judgment dismissing plaintiff's complaint in its entirety, together with costs and disbursements of this action, and for any other relief that the court deems just and proper.

Dated: Hawthorne, New York
       November 14, 2007

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

By:     _____
        Jonathan R. Harwood (JH 9060)
        Veronica L. Reed (VR 1790)
        Mid-Westchester Executive Park
        Seven Skyline Drive
        Hawthorne, New York 10532
        (914) 347-2600
        *Attorneys for Defendants*
        *Catholic Charities Community Services, Archdiocese*
        *of New York, Pius XII - Youth and Family Services,*
        *John Mancuso, Eve Kagle, Colin Jarvis, and Patrice*
        *Bey*

8

To:    Robert L. Lowe, Esq. (RL1987)
       Jeff L. Greenup, Esq.
       205 West 137th Street
       New York, New York 10030
       (212) 862-8700
       *Attorneys for Plaintiff*

9