# TRAUB LIEBERMAN
## STRAUS & SHREWSBERRY LLP
NEW YORK | NEW JERSEY | FLORIDA

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/08

Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532

Telephone (914) 347-2600
Facsimile (914) 347-8898
www.traublieberman.com

July 23, 2008

**VIA FACSIMILE**



RECEIVED JUL 23 2008
CHAMBERS OF
RICHARD J. HOLWELL

Hon. Richard J. Holwell
United States District Court
Souther District of New York
500 Pearl Street
New York, New York 10007

Re: Matter : *Roselyn Johnson v. Catholic Charities Community Services, Archdiocese of New York, et al.*
Docket No. : 2007 Civ. 6718 (RJH)
Our File No. : 333.0077

Dear Judge Holwell:

    This firm represents the defendants in connection with the above-referenced matter. We submit this letter in response to plaintiff's counsel's letter to the court dated July 18, 2008. Frankly, we were shocked by the letter and its blatant mischaracterization of the course of discovery in this matter. In his letter, plaintiff's counsel attempts to portray defendants as engaging in conduct aimed at delaying discovery. This is a complete mischaracterization of the status of this action. As an initial point, the court should be aware that plaintiff's counsel has produced his client for less than one full day of deposition. As such, this office has not yet had the opportunity to depose plaintiff for the full seven hours to which it is entitled under the Federal Rules. While counsel has agreed to have his client return to provide further testimony, he has not provided a date as of yet. Moreover, because this matter is extremely fact and document intensive, counsel was in agreement that seven hours would likely not be enough to complete the deposition of plaintiff. In fact, based on our prior conversations, counsel agreed, in writing, to produce his client for an additional day in order to complete her deposition. See attachment. He subsequently reneged on this agreement and has yet to advise if that is his final position. In light of counsel's letter and the inaccuracies contained therein, it is clear that this office cannot rely upon any prior agreements or purported courtesies extended by him. As such, this office respectfully requests that this court grant defendants additional time to depose plaintiff beyond the required seven hours, for the reasons set forth above.

    Despite not having completed plaintiff's deposition or without having a date whereby such deposition would be completed, this office has produced four witnesses for depositions on four consecutive days. Moreover, with respect to written discovery, this office has produced thousands of pages of documents in response to plaintiff's discovery demands. In addition, the court should be aware that this office has been working on identifying the appropriate person to testify on behalf

Hon. Richard J. Holwell
Our File No.: 333.0077
Page 2

of defendant Catholic Charities. It is our understanding that the potential witness may no longer be employed by this agency, which has caused some difficulty in locating the witness. We have also made concerted efforts to locate any further documents that may be responsive to plaintiff's discovery demands. We have expressed these difficulties to counsel on numerous occasions and have indicated that we will provide any remaining discovery as soon as we are able.

Counsel's July 18, 2008 letter is surprising given the numerous conversations among counsel to make cooperative efforts to complete any outstanding discovery without burdening the court with these issues. Counsel also agreed that if the parties were unable to complete discovery within the timeframe provided by the court, that counsel would collectively seek assistance from this court in a non-adversarial manner, including a joint request to extend the discovery period. Again, in light of this letter, it appears that any prior discussions or agreements with plaintiff's counsel are no longer in place. As such, it may be necessary to schedule a conference with your honor to resolve these remaining discovery issues.

Sincerely,

Jonathan R. Harwood

Enclosure
cc:   Robert Lowe, Esq.

*The parties are directed to meet and confer in person - not by telephone - to resolve outstanding discovery disputes. If any disputes remain outstanding a conference will be held on August 7, 2008 at **10:30 AM***

SO ORDERED

USDJ
7/30/08

**TRAUB LIEBERMAN**
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP